**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**LEMAR JEFFERSON** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:06CV47-KS-JMR**

**NISSAN MOTOR CREDIT;**
**PETRO MOTORS, STACEY**
**TRIPLET; AND JOHN DOES 10** **DEFENDANTS**

## ORDER OF REMAND

This matter is before the court on Motion to Remand **[#5]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds,

## FACTUAL BACKGROUND

It appears from the factual assertions of the parties that in December of 2004 an employee of Petro Motors ("Petro") fraudulently used personal financial information of the plaintiff to improperly gain acceptance of financing on a car leased by Stacey Triplett ("Triplett")[1] from Petro and financed by Nissan Motor Acceptance Corporation

[1] Triplett's name is spelled with only one ending "t" in the heading to the complaint and within the body of the complaint both with one"t" and two" ts". An affidavit executed by Triplett furnished with a Motion to Amend the complaint indicates that the correct spelling is "Triplett", and thus her name will be spelled accordingly in this opinion.

("Nissan").[2] The Petro employee has been subsequently identified as Wayne May.[3]

Triplett apparently only made two payments on the car lease. Upon her default, Nissan began attempts to collect the debt from the plaintiff, whose name was fraudulently affixed to the lease documents as a co-signer. Plaintiff's counsel promptly reported the matter to the Laurel Police Department and to Nissan and both undertook investigations. Triplett ultimately admitted to the fraud, the car was repossessed by Nissan and Petro was forced to pay the balance owing on the car lease to Nissan under its recourse agreement. Nissan alleges that it promptly corrected any improper credit information that it had reported regarding the plaintiff as soon as the fraud came to light.

Nevertheless, on December 19, 2005, the plaintiff filed suit against Triplett, Nissan and Petro as well as ten unnamed John Does. The complaint, interpreted broadly, alleges a conspiracy among the defendants to commit fraud against the plaintiff by virtue of allowing this transaction to occur and as a result of the alleged actions or inactions of the various defendants the plaintiff contends that he suffered the intentional infliction of emotional distress.

On or about February 9, 2006, defendant Nissan removed on the basis of diversity of citizenship alleging the fraudulent joinder of defendants Petro and Triplett,

---

[2] Nissan is incorrectly identified in the heading of the complaint as Nissan Motor Credit. Additionally, Petro's correct name is Petro Automotive Group, Inc.

[3] Wayne May's identity came to the attention of plaintiff's counsel by way of an attorney representing Triplett. Triplett, through her attorney, has furnished an affidavit, attached to the Motion to Amend the Complaint, offering to testify against Wayne May in exchange for being dropped from the litigation. Plaintiff's counsel, apparently ignorant of potential ethical implications, has moved to amend the complaint to drop Triplett and substitute May as one of the John Doe defendants. Because the court has reached the conclusion that it has no jurisdiction to hear this case, it will not address the motion to amend.

under 28 U.S.C. § 1332 pursuant to the dictates of 28 U.S.C. § 1441. Nissan also claims that the court has jurisdiction under 28 U.S.C. § 1331, federal question pursuant to alleged claims of the plaintiff which arise under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transaction Act of 2003, Public Law 108-159.

**STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

**Improper/Fraudulent Joinder**

"The burden of persuasion placed upon those who cry 'fraudulent joinder'[4] is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (emphasis added) (*citing Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendants. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. See also, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition

---

[4] Prior to *Smallwood, infra*, the courts referred to the improper joinder of in-state defendants to defeat diversity jurisdiction as "fraudulent joinder." Post-*Smallwood*, the terminology generally reflects the use of the more appropriately descriptive term "improper joinder."

testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).

Nissan encourages the court to pierce the pleadings and argues that the plaintiff's claims fail on the "merits." Regarding piercing the pleadings in an improper] joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a

> simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

The court will not accept defendant Nissan's invitation to pierce the pleadings to examine the merits of the plaintiff's claims. The plaintiff has alleged common law fraud, negligence and breach of fiduciary duties and the duty of good faith and fair dealing, among others. These are well-recognized state law claims which would allow the plaintiff to survive a 12(b)(6) challenge and thus, defeat the defendant's attempt to remove on the basis of fraudulent or improper joinder.

**Federal Question Jurisdiction**

Nissan's other assertion of jurisdiction is that this case presents a federal question which is to be properly resolved by the federal courts. Specifically, Nissan contends that the plaintiff's complaint presents a real and substantial controversy involving the effect and construction of federal law, to-wit, the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended by the Fair and Accurate Credit Transaction Act of 2003, Public Law 108-159. However, Nissan recognizes that the plaintiff has not pled any such causes of action and, without stating such, invokes the well-pleaded complaint rule.

The plaintiff's response to the invocation of federal question jurisdiction is to argue that he has not pled any federal claims and further, that the common defense holding of *Smallwood* mandates remand. The court concludes that the common

defense holding of *Smallwood* has absolutely no application in this case, but the inquiry does not end there.

Under the well pleaded complaint rule, federal jurisdiction is found to exist only where a federal claim is presented on the face of the plaintiffs' properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). Nissan recognizes that the plaintiff has not presented a federal question on the face of his complaint and instead effectively relies on the artful pleading doctrine, which is a *narrow* exception to the well pleaded complaint rule, and applies only when one has inappropriately characterized his federal claim as a state claim. This "artful pleading" exception is applicable, however, only in the case of complete preemption. *See Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at 367.

Nissan does not argue that the plaintiff has artfully pled claims completely preempted by the federal credit reporting statutes but instead asserts what amounts to conflict preemption. Complete preemption applies in areas where Congress has chosen to completely extinguish the existing state common law concerning a subject matter area. Conflict preemption is a defense, usually raised affirmatively, which can never be the basis of jurisdiction.

Under Supreme Court precedent, "a state claim may be removed to federal court in only two circumstances-when Congress expressly so provides, such as in the Price-Anderson Act, . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). As identified by the United States Supreme Court, in the latter instance, there have only been three statutory areas in

which Congress has acted authoritatively to completely preempt traditional state law claims. Those are in the area of federal labor relations, in the Employment Retirement Income Security Act of 1974 (ERISA) and in usury allegations against national banks. *Waste Control Specialist, LLC v. Enviro Care, Inc.*, 199 F.3d 781, 784 (5th Cir.)(*opinion withdrawn and superseded in part on rehearing on other grounds*, 207 F.3d 225 (5th Cir. 2000)). *See also, Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir. 2000); and *Beneficial Nat. Bank v. Anderson*, supra.

It is not necessary to go into a full analysis of complete preemption to dispose of Nissan's argument. The court only needs to point out that the Fifth Circuit in *Johnson, supra*, reiterated the tripartite test for determining whether or not complete preemption by a federal statute is mandated, reaffirming its holding in *Heimann v. National Elevator Industries Pension Fund*, 187 F.3d 493 (5th Cir. 1999).

A careful review of the preemption section of the federal acts relied on by Nissan clearly do not support the defendant's argument. Indeed, Nissan recognizes that the statutes only preempt state law which is in conflict with them. There is no specific jurisdictional grant to the federal courts for enforcement of the rights guaranteed by the statutes and there is no clear Congressional intent that claims brought under the federal law should be removable. Thus, Nissan's argument for federal question jurisdiction based on preemption is totally devoid of merit.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#5]** is Granted. The clerk of this court is directed to immediately return this matter to the Circuit Court for the Second Judicial District, Jones County, Mississippi.

SO ORDERED AND ADJUDGED this the 13th day of June, 2006.

***s/ Keith Starrett***
UNITED STATES DISTRICT JUDGE